# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# NORFOLK DIVISION

**RONALD A. PEGUESE, #1158368**

Petitioner,

v.   2:09CV561

**GENE M. JOHNSON,**
Director of Virginia Dept. of Corrections,

Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge[1] pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C), and Rule 72(b) of the Federal Rules of Civil Procedure.

## I. STATEMENT OF THE CASE

On March 5, 1992, the Circuit Court of the City of Richmond, Virginia, convicted petitioner Ronald A. Peguese ("petitioner" or "Peguese") of possession of cocaine with intent to distribute, possession of a firearm while in possession of cocaine, and possession of a firearm by a previously convicted felon. On April 22, 1992, the court sentenced him to a total of nineteen (19) years imprisonment. He received fifteen (15) years with eight (8) years suspended for possession of cocaine with intent to distribute, two (2) years for possession of a firearm while in

---

[1]This action was initially assigned to United States Magistrate Judge James E. Bradberry, who retired effective January 31, 2010. On February 1, 2010, this action was reassigned to Judge Bradberry's duly appointed successor, United States Magistrate Judge Douglas E Miller, who was appointed effective February 1, 2010.

1

possession of cocaine, and two (2) years for possession of a firearm by a previously convicted felon.

Peguese filed a notice of appeal on May 8, 1992, alleging officers violated his Fourth Amendment rights in conducting a pat-down search and seizure of evidence in the car. On November 23, 1993, the Court of Appeals of Virginia reversed and annulled the Circuit Court's decision. The three-judge panel found that the arresting officer did not have a reasonable belief that Peguese was armed and dangerous simply because a passenger in the same automobile might have been in possession of narcotics. Peguese v. Commonwealth, 437 S.E.2d 574, 575 (Va. Ct. App. 1993). As a result, the Court of Appeals held that the search violated the Fourth Amendment, and the trial court erred in admitting into evidence the gun and cocaine recovered during the search. Id.

On December 7, 1993, the Commonwealth filed a petition to set aside the November 23, 1993 judgment and to request a rehearing. In an opinion dated January 10, 1994, the Court of Appeals of Virginia granted the Commonwealth's request for a rehearing, and stayed the November 23, 1993 mandate pending the decision of the panel on rehearing. On March 17, 1994, the Court of Appeals amended its January 10, 1994 opinion to state that the judgment of the trial court was reversed, and to reinstate the appeal on the docket.

On March 21, 1994, the Commonwealth filed a petition for rehearing en banc. The Commonwealth alleged two arguments for en banc review: 1) that a police officer may conduct a pat-down search when there is reason to believe defendant had been involved in a drug deal, and 2) that the panel's decision to reverse was barred by Rules 5A:18 and 5A:12(C) of the Rules of the Supreme Court of Virginia. The Commonwealth's petition was granted on April 25, 1994, and on December 6, 1994, the Court of Appeals of Virginia, sitting en banc, affirmed the judgment of the trial court and vacated the November 23, 1993 panel opinion. Peguese v.

Commonwealth, 451 S.E.2d 412, 413 (Va. Ct. App. 1994). The en banc court held that petitioner's association with the drug transaction was sufficient to create an "inference of dangerousness," thus justifying the pat-down search. Id. at 414. On January 4, 1995, petitioner noted an appeal to the Supreme Court of Virginia. The Supreme Court of Virginia denied the petition on April 25, 1995.

On May 4, 2009, Peguese filed a petition for a writ of habeas corpus in the Supreme Court of Virginia.[2] His state habeas petition alleged that the Court of Appeals erred in granting the Commonwealth a rehearing and a rehearing en banc according to Rule 5A:33 of the Rules of the Virginia Supreme Court and Virginia Code § 17.1-402(d). On June 30, 2009, the Supreme Court of Virginia dismissed the appeal as not timely pursuant to the limitation period found in Virginia Code § 8.01-654(A)(2). On July 13, 2009, Peguese filed a petition for rehearing with the Supreme Court of Virginia, which was denied on September 22, 2009.

On November 5, 2009, Peguese, proceeding pro se, filed this federal petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. In his petition, Peguese also asserts that Rule 5A:33 of the Rules of the Virginia Supreme Court and Virginia Code § 17.1-402(d) barred the Court of Appeals from granting a petitions for rehearing when that court had previously unanimously reversed petitioner's convictions. On December 9, 2009, respondent filed his Rule 5 Answer and Motion to Dismiss, along with a brief in support. Petitioner responded on December 22, 2009. At the Court's direction, respondent requested certified records from the trial court, the Court of Appeals, and the Supreme Court of Virginia, the last of which were received on January 14, 2010. Accordingly, respondent's Motion to Dismiss is ripe for judicial review.

---

[2]While the state habeas form refers to unrelated convictions from the Henrico County Circuit Court, petitioner's supporting brief clearly addresses the March 5, 1992 Richmond convictions.

3

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

On April 24, 1996, Congress passed the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). With the passage of the AEDPA, several modifications were made to habeas corpus law. Previously, no statutory time limit for filing a habeas corpus petition existed. Brown v. Angelone, 150 F.3d 370, 372 (4th Cir. 1998). However, the passage of the AEDPA codified a statute of limitations for habeas corpus petitions. 28 U.S.C. § 2244 (d)(1); see Brown, 150 F.3d at 375. The AEDPA provides that any person in custody pursuant to a state court judgment has one year to file a petition for a writ of habeas corpus. As relevant to this case, the limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The time period during which state post-conviction or other collateral review is pending tolls the limitation period. 28 U.S.C. § 2244(d)(2).

In the present case, judgment was entered against Peguese in the Circuit Court for the City of Richmond on March 5, 1992.[3] Petitioner appealed his convictions to the Court of Appeals of Virginia, which finally affirmed his convictions on December 6, 1994. The Supreme Court of Virginia denied petitioner's appeal on April 25, 1995. Peguese then had ninety (90) days to file a petition for writ of certiorari to the United States Supreme Court. 28 U.S.C. § 2101(C); see Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). As such, petitioner's conviction became

---

[3]Upon review of the record, it is unclear whether Peguese is still in custody on the 1992 Richmond convictions. If petitioner is no longer in custody as a result of these convictions, this Court would lack jurisdiction over this federal habeas petition. See Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401 (2001); Ethridge v. Commonwealth, 8 Fed. App'x 213, 213 (4th Cir. 2001). However, because respondent has not raised the jurisdiction issue in its Answer or Motion to Dismiss, and in light of the disposition recommended in this opinion, the Court has assumed Peguese remains in custody on the 1992 convictions.

final on July 24, 1995, after the ninety day period to file a petition for writ of certiorari expired.

Peguese's convictions became final prior to the passage of the AEDPA and the implementation of the one-year limitation period. The Fourth Circuit did not apply the AEDPA's limitation period retroactively, holding "that a prisoner whose statutory right to seek federal habeas relief accrued prior to the AEDPA must receive a reasonable period of time after the statute's effective date to file his petition." Brown, 150 F.3d at 374. To calculate whether petitioner's federal habeas claim is barred, the court also defined a "reasonable period." Id.

In Brown, the Fourth Circuit noted that the majority of federal circuit courts addressing this issue held that one year from the effective date of the AEDPA – or April 24, 1997 – constitutes a "reasonable period" to file a habeas claim. Id. at 375. In the case at hand, Peguese became statutorily barred from filing a federal petition for habeas corpus relief on the grounds alleged on April 24, 1997. This action was not filed until October 20, 2009, more than twelve years outside the statutory time limit. Peguese has not alleged any basis upon which the limitations period could be equitably tolled, and the Court's own review of the record reveals none.

## III. RECOMMENDATION

Because Peguese's federal petition for habeas corpus was not filed within the time permitted by 28 U.S.C. § 2244(d)(1), the Court recommends that the petition be DENIED as barred by the statute of limitations, and that respondent's Motion to Dismiss be GRANTED.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk any written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

_____
**Douglas E. Miller**
**United States Magistrate Judge**

Norfolk, Virginia
May 27, 2010

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Ronald A. Peguese, #1158368
Nottoway Correctional Center
P.O. Box 488
Burkeville, VA 23922

Robert Homer Anderson, III
Office of the Attorney General
900 E. Main Street
Richmond, VA 23219

Fernando Galindo, Clerk

By _____
Deputy Clerk

May 27, 2010